UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ADAM OLSON, | ) | Civ. 11-4087-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS |
| DEPARTMENT OF CRIMINAL | ) | |
| INVESTIGATION, SOUTH DAKOTA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Adam Olson, filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 against defendant, the Department of Criminal Investigation (DCI) for the state of South Dakota. The DCI moves to dismiss Olson's lawsuit and argues that it is barred by the Eleventh Amendment.[1]

**FACTUAL BACKGROUND**

Olson alleges that the DCI conducted a warrantless search of three vehicles he owns on December 7, 2010. After the search, the 2002 Jeep, 1991 Ford F-150, and 1994 Mercury were impounded. Olson's vehicles have not been returned. Olson seeks an order directing defendant to return his vehicles and for compensatory damages.

---

[1] Although the DCI did not identify the rule under which it moves for dismissal, the court construes its motion as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim, the court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota,* No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum,* 44 F. 3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v.*

*King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts that have not been pleaded. *Id.*

## DISCUSSION

An action is barred by the Eleventh Amendment if the state has not consented to suit because its immunity has not been abrogated by Congress. *See Quern v. Jordan*, 440 U.S. 332 (1979) (holding the passage of the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983, did not abrogate immunity under the Eleventh Amendment). Eleventh Amendment immunity also extends to state agencies. *Hadley v. North Ark. Community Technical College*, 76 F.3d 1437, 1438 (8th Cir. 1996). The Eleventh Amendment immunizes from suit a "state agency or official if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.' " *Id.* (quoting *Pennhurst State Sch. & Hosp v. Halderman*, 465 U.S. 89, 123 n.34 (1984)). The critical inquiry is whether the suit is essentially a suit against the state and whether a judgment against the agency will come out of state funds. *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442 (8th Cir. 1995) (internal quotations omitted).

The DCI is a state agency that can claim Eleventh Amendment immunity. If a judgment were rendered against the DCI, the judgment would in effect be

against the state because the funds to pay the judgment would come from the state treasury. Accordingly, the Eleventh Amendment bars Olson's claim for money damages. Moreover, neither a state agency nor its officials acting in their official capacities are considered "persons" who may be sued for money damages under § 1983. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *Accord McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (reversing denial of summary judgment for state official under § 1983 even where sovereign immunity was waived by removal to federal court). Thus, Olson's claim for money damages is dismissed.

    Olson's claim for injunctive relief is similarly barred. "While under the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies." *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). *See also Pediatric Speciality Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006) (recognizing that only state officials, as opposed to state agencies, can be sued for prospective injunctive relief and dismissing claims against state agency), *vacated on other grounds by Selig v. Pediatric Speciality Care, Inc.,* 551 U.S. 1142 (2007). Accordingly, sovereign immunity bars Olson's claim for injunctive relief and dismissal of his claims is warranted. Therefore, it is

ORDERED that the DCI's motion to dismiss (Docket 15) is granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This action is dismissed without prejudice.

Dated November 30, 2011.

                                    BY THE COURT:

                                    /s/ *Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    CHIEF JUDGE